FILED  
United States Court of Appeals  
Tenth Circuit

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

February 15, 2019

Elisabeth A. Shumaker  
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>SITAMIPA TOKI,<br><br>    Defendant - Appellant. | No. 17-4153<br>(D.C. No. 2:16-CV-00730-TC)<br>(D. Utah) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>ERIC KAMAHELE,<br><br>    Defendant - Appellant. | No. 17-4154<br>(D.C. No. 2:15-CV-00506-TC)<br>(D. Utah) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>KEPA MAUMAU,<br><br>    Defendant - Appellant. | No. 17-4155<br>(D.C. No. 2:15-CV-00600-TC)<br>(D. Utah) |

**ORDER GRANTING CERTIFICATE OF APPEALABILITY**

Before **BALDOCK**, Circuit Judge.

_____

In these consolidated appeals, Eric Kamahele appeals from a district court order that denied his 28 U.S.C. § 2255 motion for sentencing relief on issues of ineffective assistance of counsel and due process. Additionally, along with Kepa Maumau and Sitamipa Toki, Kamahele seeks a certificate of appealability (COA) to challenge the district court's denial of § 2255 relief on multiple other issues.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Having considered Appellants' Opening Brief and Request for Certificate of Appealability (COA), we conclude that a COA is warranted (beyond the issues already certified by the district court), and is hereby granted, on the following two issues:

> (1) Whether "[a] challenge to a conviction based on the residual clause of § 924(c) is timely under 28 U.S.C. § 2255(f)(3) if it is filed within a year of *Johnson* [*v. United States*, 135 S. Ct. 2551 (2015)]," Aplt. Opening Br. and Request for COA at 9; and

> (2) Whether Appellants' "VICAR convictions based on Utah and Arizona aggravated assault are not categorically crimes of violence under the force clause of § 924(c) because they do not require the intentional use of violen[t] force," *id.* at 25.

But in light of recent filings that may impact the issues on which we grant a COA, we ABATE these appeals. Specifically, the government has filed a certiorari petition in *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018), *petition for cert. filed*, (U.S. Oct. 3, 2018) (No. 18-428), and the Supreme Court had granted certiorari in an analogous Fifth Circuit case, *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018) (per curiam), *cert. granted*, 2019 WL 98544 (U.S. Jan. 4, 2019) (No. 18-431), to examine whether § 924(c)'s residual clause is unconstitutionally vague in light of *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Further, in *United States v. Bowen*, No. 17-1011, this court granted a COA on issues similar to those involved here, and then abated that appeal pending further developments from the Supreme Court. This court will establish a briefing schedule on the two issues identified above when the abatement is lifted.

Accordingly, on or before June 14, 2019, the United States shall file a written report to advise this court of the status of *Davis* and the petition for writ of certiorari in *Salas*. Thereafter, the United States shall file a status report every sixty days (or sooner if the Supreme Court takes significant action in either case).

                              Entered for the Court

                              ELISABETH A. SHUMAKER, Clerk